IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KRYSTAL TILLMAN, | CASE NO. 3:21-CV-00123 |
| Plaintiff, | JUDGE JAMES R. KNEPP, II |
| vs. | **MOTION TO DISMISS OF FAMILY DOLLAR STORES OF OHIO, INC.** |
| FAMILY DOLLAR STORES OF OHIO, INC., ET AL., | |
| Defendants. | |

Plaintiff's sole claim against Family Dollar—a slander claim stemming from events that occurred on August 20, 2019—was presented for the first time on November 6, 2020, after the one-year statute of limitation applicable to slander claims. For this reason, Plaintiff's claim against Family Dollar is time-barred and dismissal of the claim is warranted.

Defendant Family Dollar Stores of Ohio, Inc. moves for dismissal of Plaintiff's claim against it with prejudice. This Motion is supported by the following Memorandum in Support. It is also made under the reservation and with the express assertion of all defenses to jurisdiction, service, and other defenses available to Family Dollar, and is not to be construed as a waiver of the same.

Respectfully submitted,

*s/ Lidia B. Ebersole*
Christopher E. Cotter (84021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308

Main: 330.376.2700
Direct: 330.849.6756
Facsimile: 330.376.4577

And

Lidia B. Ebersole (90509)
lebersole@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5260
Facsimile: 419.242.0316

ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF OHIO,
INC.

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff, Krystal Tillman, asserted her claim against "Family Dollar Inc." (properly Family Dollar Stores of Ohio, Inc., and referred to as "Family Dollar" in this brief) for the first time on November 6, 2020, when she filed her "First Amended Complaint" in the Lucas County Court of Common Pleas. (*See* First Amended Complaint with Jury Demand, filed in the Lucas County Court of Common Pleas Case No. G-4801-0202002532-000, *Tillman v. Family Dollar Stores of Ohio, Inc.*, attached to this Motion as **Exhibit 2**.) While the "First Amended Complaint" was actually Tillman's Second Amended Complaint, it was the first time Family Dollar was named in the action. (*See* Docket of the Lucas County Court of Common Pleas Case No. G-4801-0202002532-000, *Tillman v. Family Dollar Stores of Ohio, Inc.*, attached to this Motion as **Exhibit 1**.) Tillman's most recent pleading, her Fourth Amended Complaint, was filed on December 15, 2020, and incorrectly captioned as a "Second Amended Complaint." (Doc. 1 at PageID 6; *see also* Exhibit 1.) For simplicity, references in this brief to Tillman's Complaint are to the current pleading, the Fourth Amended Complaint, upon which Defendant Officer J. Goetz removed this action to Federal Court. (Doc. 1 at PageID 6-12.)

According to the allegations of the Complaint, which are taken as true for purposes of this motion, on August 20, 2019, Tillman was visiting the Family Dollar store located at 1121 North Reynolds Road, Toledo, OH 43615, when she was "verbally accused by a store manager or assistant manager that she was a thief." (Doc. 1 at PageID 7-8, Compl. at ¶¶ 2-4.) Tillman alleges that Family Dollar "via its employees broadcasted the slander of the Plaintiff being a thief to others around her and all to her hurt, harm and detriment and was broadcasted without right or privilege and was a slander per se against her name and character as per Ohio law and

3

Ohio common law." (*Id.* at ¶ 4a.) Based on these allegations, Tillman's Complaint presents one cause of action against Family Dollar, a slander claim. (*See also id.* at ¶¶ 2-5.)

II. **ARGUMENT**

Ohio law establishes a one-year statute of limitations for libel and slander claims. *Newton v. Ellis*, No. 1:17-CV-2545, 2018 WL 1991722, at *9 (N.D. Ohio Apr. 27, 2018), citing Ohio Rev. Code § 2305.11(A). Therefore, an action for slander must be commenced within one year after the cause of action accrued. *Id.*

Tillman's cause of action for slander accrued on August 20, 2019, when Tillman was allegedly accused of shoplifting by Family Dollar's store manager or assistant manager. In accordance with Ohio law, Tillman's slander claim against Family Dollar had to be commenced no later than August 20, 2020. Because Tillman did not assert the claim until she filed her November 6, 2020 pleading, two and a half months after the expiration of the statute of limitations, the claim is time-barred.

A motion to dismiss may be granted when, after taking all allegations stated in a well-pled complaint as true, the court finds "beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief." *Williams v. U.S. Dep't of Treasury*, No. 3:01CV7077, 2001 WL 1700718, at *1 (N.D. Ohio June 14, 2001). Dismissal based upon a statute of limitations is appropriate under Rule 12(b)(6) if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). While the court cannot consider outside evidence when ruling on a motion to dismiss, in some situations, the court can consider documents outside of pleadings without converting the motion to dismiss into a motion for summary judgment. *See Thomas v. Noder-Love*, 621 F. App'x 825, 829-30 (6th Cir. 2015). Such documents include, "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss."

4

*Thomas v. Noder-Love*, 621 F. App'x 825, 828 (6th Cir. 2015); *accord In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968, 978-79 (S.D. Ohio 2008).

Here, the four corners of Tillman's operative pleading expressly show that Tillman's slander claim against Family Dollar is time-barred. The Dismissal of Tillman's claim against Family Dollar is therefore warranted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

III. **CONCLUSION**

Tillman's slander claim against Family Dollar (Doc. 1 at PageID 6-12) fails to state a claim upon which relief can be granted because it was asserted for the first time after the one-year statute of limitations for slander claims. For the foregoing reasons, Defendant Family Dollar Stores of Ohio, Inc. respectfully requests this Court to dismiss Tillman's claim against it with prejudice.

Respectfully submitted,

*s/ Lidia B. Ebersole*
Christopher E. Cotter (84021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Main: 330.376.2700
Direct: 330.849.6756
Facsimile: 330.376.4577

And

Lidia B. Ebersole (90509)
lebersole@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5260

Facsimile: 419.242.0316

ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF OHIO,
INC.

**PROOF OF SERVICE**

I hereby certify that on this 22nd day of January, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Lafe Tolliver, Esq.<br>316 North Michigan Street #514<br>Toledo, Ohio 43604<br>Phone: (419) 249-2703<br>tolliver@juno.com<br><br>ATTORNEY FOR PLAINTIFF<br>KRYSTAL TILLMAN | Dale R. Emch, Director of Law<br>Jeffrey B. Charles, Chief of Litigation<br>Merritt W. Green<br>City of Toledo, Department of Law<br>One Government Center, Suite 2250<br>Toledo, Ohio 43604-2293<br>Phone: (419) 245-1020<br>Fax: (419) 245-1090<br>Dale.emch@toledo.oh.gov<br>Jeffrey.Charles@toledo.oh.gov<br>Terry.green@toledo.oh.gov<br><br>ATTORNEY FOR DEFENDANT<br>OFFICER GOETZ |

*s/ Lidia B. Ebersole*
One of the Attorneys for Defendant Family Dollar Stores of Ohio, Inc.

**INDEX OF EXHIBITS TO DEFENDANTS' MOTION TO DISMISS**

| 1. | Docket of the Lucas County Court of Common Pleas Case No. G-4801-0202002532-000, *Tillman v. Family Dollar Stores of Ohio, Inc*. |
|---|---|
| 2. | First Amended Complaint with Jury Demand, filed on November 6, 2020, in the Lucas County Court of Common Pleas Case No. G-4801-0202002532-000, *Tillman v. Family Dollar Stores of Ohio, Inc*. |