FILED
LUCAS COUNTY

2020 NOV -6 PM 3: 47

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS



EXHIBIT 2

ORIGINAL

# IN THE LUCAS COUNTY COURT OF COMMON PLEAS
## CIVIL DIVISION

| | |
|---|---|
| **Krystal Tillman**<br>5454 Rudyard Road<br>Sylvania, OH 43560 | Case No: G-4801-CI-0202002532<br><br>Judge Stacy Cook |
| **Plaintiff** | **FIRST AMENDED COMPLAINT WITH JURY DEMAND** |
| v. | Lafe Tolliver (0023725), Attorney<br>Counsel for Plaintiff<br>316 North Michigan Street #514<br>Toledo, OH 43604<br>419 249 2703<br>email: tolliver@juno.com |
| **Family Dollar, Inc.,**<br>1121 N. Reynolds Rd<br>Toledo, Ohio 43614 | |
| & | |
| **Police Office John Jones**<br>(unknown real name at this time)<br>c/0: 525 North Erie Street<br>Toledo, OH 43604 | |
| In his official and/or personal capacity | |



1

**Defendants, jointly and severally**

Now comes the Plaintiff and for her amended cause of action, alleges and avers the following:

[1] That all the below described events took place in Lucas County, Ohio.

[1a] That the exact name of the offending police officer will be discovered and divulged and this complaint amended to include his real name.

[1b] That Family Dollar is a commercial entity doing business in the County of Lucas, State of Ohio.

[1c] That the yet to be named Toledo Police Officer is/was an employee of the City of Toledo and committed unlawful acts in that capacity and also in the alternative, committed those same acts as a private person apart from being a police officer.

[2] That on or about the date of August 20, 2019, the Plaintiff was a shopper/invitee/patron of the Family Dollar store located at 1121North Reynolds Road Toledo, Ohio 43615.

[3] That while in line to complete a purchase, the Plaintiff was verbally accused by a store manager or assistant manager that she was a thief.

[4] That the Plaintiff was shocked at such an accusation and vehemently denied the lie.

[4a] That the Defendant store via its employees broadcasted the slander

of the Plaintiff being a thief to others around her and all to her hurt, harm and detriment and was broadcasted without right or privilege and was a slander per se against her name and character as per Ohio law and Ohio common law.

[5] Nonetheless, the management at the store called the police (after the Plaintiff also called the police) and a police officer appeared at the store.

[6] That the police officer in conjunction with the store management harassed the Plaintiff and the police officer manhandled the Plaintiff and handcuffed her and placed her, against her will, into his squad car that resulted in a wrongful detention for several hours.

[7] At no time did the store manager or the police officer (a woman officer was later called to the scene to do a public pat down) find any item stolen from the store.

[8] During this entire incident the Toledo Police Officer disregarded the attempts of the Plaintiff to explain what transpired but rather this officer slammed the Plaintiff up against the store entry door and did not even attempt to interview her.

[9] That the cashier clerk at the same location where the Plaintiff was attempting to check out, later indicated that he did not witness any acts of shoplifting by the Plaintiff.

[10] That at no time was the Plaintiff ever placed under official arrest nor read any of her rights and nor was she taken to any police station for processing.

[11] That after a period several hours, the Plaintiff was finally un cuffed and allowed to exit the wrongful place of her detention, the police car.

[12] At no time did the store management or the physically aggressive police officer apologize for their joint harassment of the Plaintiff and their failure to establish that any crime was committed by the Plaintiff.

[13] As a direct result of the abuse suffered by the Plaintiff at the hands of the store management and the Toledo Police Officer, the Plaintiff has suffered mental and emotional trauma, humiliation, embarrassment and pain and suffering.

[14] That the belligerent and abusive acts of the defendant Toledo police officer were done in his line of duty and/or were done apart from his oath of office to protect and serve; and his abuse of the Plaintiff was unconscionable, deliberate and with malice aforethought and/or with a reckless regard and an intent to hurt and harm the Plaintiff.

[15] That the actions of the store management and that of the police officer, jointly and individually, was an affront to human decency and was a corrupt violation of the law and did not advance any legitimate legal purpose other than to hurt and harm the Plaintiff.

[16] That the Plaintiff had a right to be free from being unlawfully detained by the Defendant parties and from being abused, verbally and otherwise, from the Defendants, jointly and individually.

WHEREFORE, The Plaintiff demands the following relief:

1/ compensatory damages in excess of $25,000.00 from each of the

Defendants, jointly and severally, in an amount to be determined by a jury.

2/ punitive damages from the defendant store entity in an amount in excess of $25,000.00 to be determined by a jury.

3/ punitive damages from the named police officer for his deliberate role in violating the civil rights of the Plaintiff and for the malice and reckless disregard for the truth that he manifested against the Plaintiff.

4/ punitive damages against the named police officer in his personal capacity for evidencing malice and a reckless disregard for the truth of his untoward actions in an amount in excess of $25,000.00 as determined by a jury.

5/ Any other relief of a legal or equitable nature.

6/ All costs of this action.

Respectfully submitted,

_____
Lafe Tolliver, Attorney


## DEMAND FOR A JURY TRIAL

The Plaintiff demands a trial by jury of at least 8 jurors and with jury members also being composed of people of color.

_____
Lafe Tolliver, Attorney

## CERTIFICATE OF SERVICE

A file stamped copy of this first amended complaint was sent to Atty. Lidia B. Ebersole @ 1 SeaGate Suite #1700, Toledo, OH 43604 and via her email address of: lebersole@ralaw.com on this 4th day of November 2020 via ordinary USPS.

Lafe Tolliver