IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KRYSTAL TILLMAN,**            CASE NO. 3:21 CV 123

    Plaintiff,

    v.                              JUDGE JAMES R. KNEPP II

**FAMILY DOLLAR STORES OF
OHIO, INC., et al.,**

    Defendants.                  **ORDER**

Plaintiff Krystal Tillman originally brought this case in the Lucas County, Ohio Court of Common Pleas. Defendant Officer J. Goetz removed to this Court, citing federal question jurisdiction, on January 15, 2021. (Doc. 1).

On March 1, 2021, Plaintiff filed a Notice of Dismissal of her claims against Officer Goetz under Federal Rule of Civil Procedure 41(a)(1). (Doc. 9). In response, Family Dollar filed a Statement in Support of Alternative Jurisdiction. (Doc. 10). Therein, Family Dollar asserted this Court retained jurisdiction over the matter – even in the absence of Officer Goetz and a federal claim – based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the amount in controversy question, Family Dollar represented its counsel contacted Plaintiff's counsel to inquire whether Plaintiff would stipulate that the amount in controversy is less than $75,000. Plaintiff – through counsel – indicated she would not.

On March 2, 2021, Plaintiff – in a change of position – filed a "Notice of Plaintiff's Counsel that Amount in Controversy is Below the Amount of Seventy-Five Thousand as per 28 U.S.C. § 1332". (Doc. 11). Therein, counsel stated the amount in controversy "does not exceed

$75,000.00 and as such, this Court does not have subject [sic] jurisdiction over this case." *Id.* at 1. The notice requests "an Order dismissing this case from its docket and allowing the local state court to proceed on the case filings already before it." *Id.* at 2. The same day, Defendant filed a "Response to Plaintiff's Notice and Consent to Dismissal" in which it states "[w]ith the understanding that Plaintiff's . . . Doc. 11 Notice constitutes a stipulation as to the limitation of damages, Defendant does not object to the Court's dismissal of this case." (Doc. 12).

At the time of removal, this Court had original subject matter jurisdiction over the civil rights claim against Officer Goetz under 28 U.S.C. § 1331, and supplemental jurisdiction over the related state law slander claim against Family Dollar under 28 U.S.C. § 1367. Although Plaintiff has dismissed Officer Goetz, and the attendant federal claim (Doc. 9), the Court retains supplemental jurisdiction over the slander claim. *See Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012) ("Such supplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed.") (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)). "Following such a dismissal, the district court in its discretion may properly choose whether to exercise § 1367(a) jurisdiction over the supplemental state-law claims; however, such a decision is 'purely discretionary.'" *Id.* (quoting *Carlsbad Tech.*, 556 U.S. at 639).

When deciding whether to exercise supplemental jurisdiction, "a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, the Court finds these

2

factors weigh in favor of declining to exercise supplemental jurisdiction over the state law claim, and remanding this case to the Lucas County Court of Common Pleas.[1]

The only remaining claim is a state law slander claim against Family Dollar. And the parties agree the amount in controversy does not meet the requirements for federal diversity jurisdiction. This case is in its early stages, and interests of comity dictate a state court should evaluate this purely state law-based claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this case is REMANDED to the Lucas County Court of Common Pleas.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

1. Although Plaintiff uses the word "dismissal", *see* Doc. 11 (requesting this Court "dismiss[] this case from its docket and allow[] the local state court to proceed on the case filings already before it"), the Court finds remand is the appropriate procedural mechanism, *see, e.g.*, *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 585 (6th Cir. 2011) ("[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'") (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).